tion had therefore been made by the plaintiff, and denied by the special term, and the order denying that motion had, on plaintiff's appeal, been affirmed by the general term of this court. 25 N. Y. Supp. 800. In the struggle over this attempt on the part of the plaintiff to accomplish indirectly what had been denied to him on his direct application, the learned judge who heard the motion for a reference was induced to make an order granting such motion, unless the defendant make and serve a stipulation in writing that the cause be tried at special term, and denying the motion if the defendant so stipulate. The defendant did so stipulate. The plaintiff then appealed from the order on the ground of want of power in the court to compel a trial of the issues at special term. The counsel for the respondent, in the brief submitted on this appeal, has conceded that, if the plaintiff desires a trial by jury, he can still have it; that the stipulation signed by the defendant does not bind the plaintiff; and that the utmost effect of the stipulation is to give the plaintiff an option to try the case at special term. Under all the circumstances, it is clear that there was neither power to refer nor power to compel a trial at special term. The order appealed from should be reversed, without costs, and plaintiff's motion for a reference denied unconditionally, without costs.

---

(12 Misc. Rep. 343.)

### CANTONI v. FORSTER et al.

(Superior Court of New York City, General Term. May 6, 1895.)

JURY—TRIAL BY—EQUITABLE ISSUES.

The fact that an equitable action will involve a conflict of evidence is not ground for granting a trial by jury.

Appeal from special term.

Action by Salvatore Cantoni against Elsa Forster and another. From an order denying a motion for an order settling issues for trial by jury, defendants appeal. Affirmed.

The opinion of McADAM, J., at special term, is as follows:

The action is of purely equitable cognizance, and the framing of issues therein entirely matter of discretion. The defendant is not entitled to a jury trial, either by constitutional considerations, or those flowing from express provisions of law, and no right is violated by the denial thereof. Colie v. Tifft, 47 N. Y. 119; Colman v. Dixon, 50 N. Y. 572; Powell v. Waldron, 89 N. Y. 328; Wright v. Nostrand, 94 N. Y. 31; Carroll v. Deimal, 95 N. Y. 252; Acker v. Leland, 109 N. Y. 5, 15 N. E. 743; Randall v. Randall, 114 N. Y. 499, 21 N. E. 1020; Lynch v. Railroad Co., 129 N. Y. 274, 29 N. E. 315; Shepherd v. Railroad Co., 131 N. Y. 215, 30 N. E. 187; Church v. Kelsey, 121 U. S. 282, 7 Sup. Ct. 897; Cattle Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. 458; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977. If the action were to be ordered on the jury calendar solely because it would probably involve a conflict of evidence, it is difficult to imagine a cause which ought to be returned on the equity calendar; for, aside from demurrers, every trial thereat involves more or less conflict. Especially is this true in suits to set aside transfers as fraudulent, elevated railway controversies, and the like. There is nothing in the present contention which necessitates calling in the aid of a jury, or which even suggests that a decision equally speedy and as satisfactory could not be reached without such assistance. For these reasons the defendant's application must be denied, with $10 costs.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Samuel H. Randell, for appellants.

Charles W. Brooke, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, upon the opinion filed below.

---

(11 Misc. Rep. 680.)

### SPANN et al. v. ERIE BOATMAN'S TRANSP. CO.

(Superior Court of Buffalo, Trial Term. March, 1895.)

**1. CARRIERS—DUTY OF—CONTRACT IN VIEW OF DIFFICULTY.**

A contract to carry goods made by a canal-boat man shortly before the period when the canal might be expected to freeze requires him to make a special effort to perform the contract.

**2. SAME—FAILURE TO PERFORM CONTRACT—MEASURE OF DAMAGES.**

Where a carrier, by failure to exercise due diligence, is able to transport the goods only a part of the way, the shipper's measure of damages is the difference between the contract price of transportation and the increased cost necessary to secure the delivery of the property at its destination, without any pro rata allowance to the carrier for the partial carriage.

Action by Otto G. Spann and others against the Erie Boatman's Transportation Company to recover damages for breach of contract, by which defendant, on November 26, 1891, chartered to plaintiffs three boats to carry grain from Buffalo to New York City. One of the boats was propelled by steam, and towed the other two. The boats started on November 29th and reached Rochester on the evening of December 1st, at which point the boats were tied up. Judgment for plaintiffs.

Charles B. Wheeler and Moses Shire, for plaintiffs.

Benjamin H. Williams, for defendant.

HATCH, J. We have but little difficulty with the rules of law governing this case, and but little more in determining the facts after a careful analysis of the evidence given upon the trial. Defendant, in the performance of its contract, is held to the exercise of reasonable diligence, must use ordinary forecast in anticipating an obstruction, and due diligence in overcoming it when it arises, and, as soon as the obstruction ceases to operate, it must exercise diligence in the fulfillment of its contract. Bowman v. Teall, 23 Wend. 306; Parsons v. Hardy, 14 Wend. 216; Geismer v. Railway Co., 102 N. Y. 570, 7 N. E. 828. A freezing of the canal is such an act of intervention of the vis major as will excuse performance until the obstruction be removed. So, too, the existence of conditions produced without the fault of the carrier, and attributable to accident or misfortune, excuses delay in transportation; and, if such conditions arise as to render further progress so difficult and dangerous that a person exercising ordinary care, prudence, and forecast would deem it unsafe, then the carrier will be exonerated from failure to proceed, and can justify his act in selecting a place of